UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

BRIAN D. TAYLOR,

    Plaintiff,

v.   Civil Action No. 1:21-cv-01354-LMB-IDD

EXPERIAN INFORMATION
SOLUTIONS, INC.; *et al.*,

    Defendants.

## JOINT DISCOVERY PLAN

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Civil Rule 26(A) and the Scheduling Order entered by the Court on **February 17, 2021** (ECF 21), counsel of record for the Parties submit this Joint Discovery Plan in advance of the Initial Pretrial Conference to be held on Wednesday, **March 16, 2022** at 11:00 a.m.

Pursuant to Fed. R. Civ. P. 26(f), Plaintiff, Experian, and TransUnion conferred on **March 9, 2022**, to formulate this Joint Discovery Plan.[1] These Parties agree as follows:

1.    Conclusion of Discovery. The parties request that all discovery be concluded by Friday, **July 15, 2022**, as provided in the Court's Order.

2.    Initial Disclosures. The Parties will serve their Initial Disclosures under Rule 26(a)(1) on or before Monday, **March 21, 2022**. The Parties agree to exchange non-confidential documents with their initial disclosures. Confidential documents will be exchanged after the entry of a protective order.

---

[1] Plaintiff's Counsel was unsuccessful in contacting Counsel for Verizon on March 9 to obtain its input on this Report.

3. <u>Claims, Defenses, and Settlement</u>. The Parties have conferred as to the nature and bases of their claims. The Parties have discussed the potential for mediation in this matter and have agreed to re-address the issue once sufficient investigation has taken place to better understand the nature and bases of their claims and defenses and the possibilities for promptly settling or resolving the case. The Parties are willing to consider Court-supervised mediation at an appropriate time, individually or collectively.

4. <u>Discovery Schedule</u>. The Parties do not believe that the Local Civil Rules should be altered with respect to the timing of discovery. Accordingly, all requests for written discovery should be served so that answers thereto shall be due to be served not later than the discovery cutoff date.

5. <u>Service of Papers and Pleadings</u>. All pleadings, motions and other papers that are filed with the Court will be distributed to the parties via the Court's electronic notification system, as provided by the Federal Rules of Civil Procedure and the Local Rules, which shall constitute sufficient service. In addition, the Parties agree that each has the option to serve by email all discovery requests, written responses, and any other papers that are not filed with the Court. The serving Party shall attach the pleading or paper in a "portable document format" ("pdf") or other form of electronic file. For purposes of calculating response deadlines, any emailed document will be treated as having been sent via regular mail. If transmission of voluminous materials as an email attachment is impractical, then those materials shall be served by regular mail, courier service or other means as agreed by the parties.

6. <u>Discovery of Electronically Stored Information</u>. Electronically stored information and documents may be produced in either electronic or printed form, unless electronic form is specifically requested in relation to particular requests. The Parties agree to work in good faith to

coordinate the manner in which electronically stored information is to be produced and to avoid unnecessary discovery.

7. <u>Privileged or Protected Materials</u>. The Parties agree that to the extent any Party intends to assert a claim of privilege or protection as trial preparation material, any such claim must be made in a timely manner and in accordance with Fed. R. Civ. P. 26(b)(5). The Parties agree, subject to this Court's entry of a corresponding order, that the Parties need not identify on a privilege log any privileged communications or documents relating to this lawsuit that occurred and/or were created after each of the law firms were retained in this matter, in order to preserve such objections. The Parties agree that inadvertent production of privileged materials shall not constitute a waiver of privileges or protections so long as the producing Party notifies the receiving Party promptly upon discovery of the inadvertent production. Disputes concerning privileges and protections shall be addressed in accordance with Fed. R. Civ. P. 26(b)(5)(B).

8. <u>Protective Orders</u>. Counsel agrees to discuss entry of a stipulated protective order. The parties will work together to agree on a form for a Protective Order consistent with the requirements of the Local Rules.

9. <u>Expert Discovery</u>. The Parties agree that expert discovery may be necessary. The Plaintiffs shall make their expert disclosures by **May 20, 2022**. Defendant's expert disclosures are due **June 17, 2022**. To the extent they are necessary, rebuttal disclosures are due **July 1, 2022**.

10. <u>Subjects of Discovery</u>. The Parties agree that discovery relevant to the claims and defenses contained in the pleadings will be appropriate, subject to all objections permitted by the applicable rules. The Parties agree that any documents received in response to a subpoena to a third party will be provided to the other Parties within five calendar days.

These Parties further agree that objections to written discovery shall be due the same day as the substantive responses.

11.     <u>Trial by Magistrate</u>. The Parties do not consent to trial by Magistrate.

12.     <u>Disclosures, Exhibit Lists, Witness Lists and Stipulations</u>. The Parties agree that the Rule 26(a)(3) disclosures, a list of exhibits to be used at trial, a list of the witnesses to be called at trial and a written stipulation of uncontested facts will be filed electronically with the Court at least fourteen days before the Final Pretrial Conference. Objections to exhibits will be filed three days before the Final Pretrial Conference; otherwise the exhibits shall stand admitted in evidence. The original exhibits shall be delivered to the clerk as provided by Local Civil Rule 79(A).

13.     <u>Waiver of Appearance and Pretrial Conference</u>. The Parties agree to waive their appearance at the Pretrial Conference on **March 16, 2022**, if the Court approves this Joint Discovery Plan.

Respectfully submitted,

**Brian D. Taylor,**

By: _____/s/_____
Leonard A. Bennett, VSB #37523
Craig C. Marchiando, VSB #89736
**CONSUMER LITIGATION ASSOCIATES, P.C.**
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
lenbennett@clalegal.com
craig@clalegal.com

Thomas R. Breeden, VSB #33410
Thomas R. Breeden, P.C., Attorneys and Counselors at Law
10326 Lomond Drive
Manassas, Virginia 20109
Telephone: (703) 361-9277
Facsimile: (703) 337-0441

TRB@TBreedenlaw.com

*Counsel for the Plaintiffs*

By: _____/s/_____
David N. Anthony
Virginia State Bar No. 31696
Attorneys for Defendant
Experian Information Solutions, Inc.
TROUTMAN PEPPER HAMILTON
SANDERS LLP
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-5410
Facsimile: (804) 698-5118
Email: david.anthony@troutman.com

*Counsel for Defendant Experian Information Solutions, Inc.*

By: _____/s/_____
Gibson S. Wright
Virginia Bar Number 84632
Attorney for Trans Union LLC
McCandlish Holton
P.O. Box 796
Richmond, VA 23218
Telephone: (804) 775-3100
Facsimile: (804) 775-3800
gwright@lawmh.com

*Counsel for Defendant Trans Union LLC*

5